**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| SUGARFINA INC., *et al.*, | Case No. 19-11973 (KBO) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING DEBTORS TO FILE (A) CONSOLIDATED LIST OF CREDITORS; (B) CONSOLIDATED LIST OF DEBTORS' TOP THIRTY UNSECURED CREDITORS AND (C) GRANTING RELATED RELIEF**

Sugarfina, Inc. ("SGRI"), Sugarfina International, LLC, ("SGRLLC"), and Sugarfina (Canada), Ltd. ("SGC" and collectively with SGRI and SGRLLC, the "Debtors"), the debtors and debtors in possession in these chapter 11 cases, hereby move (the "Motion"), by their undersigned counsel, this Court for entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 105 and 521 of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1001-1(c), 1007-2, and 2002-1 of Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtors to file (a) consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor and (b) a consolidated list of the Debtors' thirty (30) largest general unsecured creditors; and (c) granting related relief. In support of the Motion, the Debtors rely on the *Declaration of Lance Miller in Support of First Day Motions* (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or Canadian Revenue Agency, as applicable are (1) Sugarfina, Inc., a Delaware corporation (4356), (2) Sugarfina International, LLC, a Delaware limited liability company (1254) and (3) Sugarfina (Canada), Ltd. (4480). The location of the Debtors' corporate headquarters is 1700 E. Walnut Ave., 5th Floor, El Segundo, California 90245.

"First Day Declaration") concurrently filed herewith. In further support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors' consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and 52l(a)(l), of the Bankruptcy Code, as supplemented by Bankruptcy Rules 1007(a)(l), (a)(3) and (d) and Local Rules 1001-l(c) and 1007-2.

**BACKGROUND**

4. On September 6, 2019, the Debtors filed their respective voluntary petitions for relief under the Bankruptcy Code (the "Petition Date"). The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested in these Chapter 11 Cases, and no committees have yet been appointed.

5. The Debtors are an iconic candy and confectionary brand with a uniquely fresh, fashionable, and experiential approach to gourmet confections. With the creation of a "candy store for grown ups," the Company has gained a strong and loyal customer following, through constant

creation and innovation focused on distinctive product presentation and invention of fresh new candy offerings that delight and surprise. Its offerings are sourced from the finest candy makers in the world and include such iconic varieties as Champagne Bears®, Peach Bellini®, Sugar Lips®, Green Juice Bears®, and Cold Brew Bears™. Packaging design is also central to Sugarfina's edge—listed among "The World's Most Innovative Companies" list for 2018 by *Fast Company Magazine*, the Companies' presentation centers around the invention of the distinct Candy Cube™, Candy Bento Box®, and Candy Wall™. The result is an experience that is unique, attracting a significant social media following and a series of successful co-branding opportunities with brands like Casamigos, Disney, The Honest Company, Barbie, Nintendo, and Tito's Vodka.

6. The Company operates an "omnichannel" business, involving design, assembly, marketing, and sale of confectionary items through a retail fleet of 44 "Candy Boutiques", including 11 "shop in shops" within Nordstrom's department stores, a wholesale channel, e-commerce, international franchise, and a corporate/custom channel. In 2018, the Company generated more than $47 million in net sales.

7. A more detailed description of the Debtors' background, structure, operations and recent financial history is detailed in the First Day Declaration, which is incorporated herein.

**RELIEF REQUESTED**

8. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to: file (a) a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor and (b) a consolidated list of the Debtors' thirty (30) largest unsecured creditors; and (c) granting related relief.

## BASIS FOR RELIEF

### A. Request for Authority to File Consolidated List of Creditors in Lieu of Submitting Separate Mailing Matrices for Each Debtor

9. Local Rule 1007-2 provides that, in a voluntary chapter 11 case, the debtor must file "a list containing the name and complete address of each creditor in such format as directed by the Clerk's Office Procedures." Local Rule 2002-l(f)(v) requires each debtor in jointly administered cases to maintain a separate creditor mailing matrix. Local Rule 1001-l(c) permits modification of the Local Rules by the Court "in the interest of justice."

10. The Debtors presently maintain computerized lists of the names and addresses of their respective creditors that are entitled to receive notices and other documents in these chapter 11 cases. The lists are maintained without regard for which entity a party may have a relationship with. The Debtors believe that the information as maintained in computer files (or those of their agents) may be utilized efficiently to provide interested parties with notices and other similar documents as contemplated by Local Rule 1007-2 on a consolidated basis. Requiring the Debtors to submit Debtor-specific creditor matrices for each of the Debtors would be an unnecessarily burdensome task and would likely result in duplicate mailings. Accordingly, by this Motion, the Debtors seek authority to file the lists on a consolidated basis, identifying their creditors in the format or formats currently maintained in the ordinary course of the Debtors' businesses.

11. Moreover, the Debtors have concurrently, or will be filing within the coming days, an application (the "Agent Application") seeking the appointment of BMC Group ("Agent") as noticing, balloting and disbursing agent in these chapter 11 cases. If the Agent Application is granted, Agent will, among other things, (a) assist with the consolidation of the Debtors' computer records into a creditor and security holder database and (b) complete the mailing of notices and other documents in these chapter 11 cases to the parties in these databases. After consultation with

Agent, the Debtors believe that filing the lists in the formats currently maintained in the ordinary course of business will be sufficient to permit Agent to notice promptly all applicable parties as required by Local Rule 1007-2.

12. The Court has granted relief similar to the relief requested herein since the modifications to Local Rule 2002-l(f)(v) took effect. *See, e.g., In re True Religion Apparel, Inc.*, Case No. 17-11460 (BLS) (Bankr. D. Del. July 6, 2017) (authorizing filing of a consolidated list of creditors in lieu of separate mailing matrices); *In re The Walking Company Holdings, Inc.,* No. 18-10474 (LSS) (Bankr. D. Del. March 8, 2018) (same);./n *re Central Grocers, Inc.*, Case No. 17-10993 (LSS) (Bankr. D. Del. May 4, 2017) (same); *In re American Apparel, Inc.,* Case No. 15-12055 (BLS) (Bankr. D. Del. Oct. 13, 2015) (same); *In re AW! Delaware, Inc.,* No. 14-12092 (KJC) (Bankr. D. Del. Sept. 10, 2014) (same); *In re Entegra Power Group LLC*, No. 14-11859 (PJW) (Bankr. D. Del. Aug. 6, 2014) (same).

**B. Request for Authority to File Consolidated List of Debtors' Top Thirty Unsecured Creditors**

13. Pursuant to Bankruptcy Rule 1007(d), a chapter 11 debtor must file with its voluntary petition a list setting forth the names, addresses, and claim amounts of the creditors, excluding insiders, holding the twenty largest unsecured claims in the debtor's case (a "Top 20 List"). This Top 20 List is primarily used by the United States Trustee (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against the debtor and thus identify potential candidates to serve on an official committee of unsecured creditors appointed in the debtor's case pursuant to section 1102 of the Bankruptcy Code.

14. The Debtors request authority to file a single list of their thirty (30) largest general unsecured creditors on a consolidated basis. Due to the number and nature of creditors in these cases, the Debtors submit that a single consolidated list of their combined thirty largest unsecured

creditors in these cases would be more reflective of the body of unsecured creditors that have the greatest stake in these cases than separate lists for each of the Debtors. In addition, the Debtors believe a single, consolidated list of the company's thirty (30) largest unsecured, non- insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors.

15. Accordingly, the Debtors respectfully request authorization to file a single consolidated list of their thirty (30) largest unsecured creditors in these cases (the "Consolidated Top 30 List").

16. The Debtors believe that such relief is not only appropriate under the circumstances, but necessary for the efficient and orderly administration of these cases.

**NOTICE**

17. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors; (c) counsel to the Debtors' first lien lender, SFCC Loan Investors, LLC, Loeb & Loeb LLP, 345 Park Avenue, New York, NY 10154, Attn: Vadim J. Rubinstein, vrubinstein@loeb.com; and (d) counsel to the Debtors' second lien lender, Goldman Sachs Specialty Lending Group L.P., King & Spalding LLP, 1180 Peachtree Street, Northeast, Suite 1600, Atlanta, Georgia 30309, Attn: W. Austin Jowers, ajowers@kslaw.com. As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-l(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**NO PRIOR REQUEST**

18. The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit A, granting the relief requested in this Motion and such other and further relief as may be appropriate and proper.

Dated: September 6, 2019

**MORRIS JAMES LLP**

*Brya M. Keilson*
Brya M. Keilson, Esquire (DE Bar No. 4643)
Eric J. Monzo, Esquire (DE Bar No. 5214)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: bkeilson@morrisjames.com
E-mail: emonzo@morrisjames.com

and

**SHULMAN HODGES & BASTIAN**
Alan J. Friedman, Esquire
Ryan O'Dea, Esquire
100 Spectrum Center Drive; Suite 600
Irvine, CA 92618
Telephone: (949) 427-1654
Facsimile: (949) 340-3000
E-mail: afriedman@shbllp.com
E-mail: rodea@shbllp.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**EXHIBIT A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SUGARFINA INC., *et al.*, | Case No. 19-11973 (KBO) |
| Debtors[1]. | (Joint Administration Requested) |
| | **Re: D.I. _____** |

**ORDER (I) AUTHORIZING THE DEBTORS FILE (A) CONSOLIDATED LIST OF CREDITORS AND (B) CONSOLIDATED LIST OF DEBTORS TOP THIRTY UNSECURED CREDITORS; AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (the "Debtors"), for entry of an order pursuant to sections 105 and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 1001- 1(c) and 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) authorizing the Debtors to file (a) a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor and (b) a consolidated list of the Debtors' thirty (30) largest unsecured creditors; and (ii) granting related relief; and upon consideration of the First Day Declaration; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or Canadian Revenue Agency, as applicable are (1) Sugarfina, Inc., a Delaware corporation (4356), (2) Sugarfina International, LLC, a Delaware limited liability company (1254) and (3) Sugarfina (Canada), Ltd. (4480). The location of the Debtors' corporate headquarters is 1700 E. Walnut Ave., 5th Floor, El Segundo, California 90245.

from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors, and the parties in interest; and upon the record in these proceedings; and after due deliberation;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The requirement of Local Rule 2002-l(f)(v) that separate mailing matrices be submitted for each Debtor is permanently waived.

3. he Debtors are authorized to submit a consolidated list of their top thirty (30) unsecured creditors; provided, however, in the event of conversion of the Debtors' chapter 11 cases to cases under chapter 7, the Debtors will provide the Clerk of the Court with an unconsolidated list of creditors within ten (10) days of such conversion.

4. Notwithstanding any provision in the Federal Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Order.