**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SUGARFINA INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-11973 (MFW)<br><br>(Joint Administration Requested)<br><br>**Re: D.I. 11** |

**INTERIM ORDER AUTHORIZING DEBTORS TO PAY PRE-PETITION
AMOUNTS TO CERTAIN CRITICAL VENDORS**

Upon consideration of the Motion[2] filed by the Debtors, pursuant to sections 105(a), 363(b), 503(b)(9), 1107(a), and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003, 6004, seeking entry of interim and final orders: (a) authorizing, but not directing, the Debtors to pay, in the ordinary course of business, the prepetition, fixed, liquidated, and undisputed claims Critical Vendor Claims of certain critical vendors, shippers and suppliers which provide goods or services that the Debtors deem, in the exercise of their business judgment, to be essential for the continued operation of the Debtors' businesses and the preservation of the value of their assets, and (b) providing any additional relief in order to effectuate the foregoing; and upon the First Day Declaration; and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Sanding Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or Canadian Revenue Agency, as applicable are (1) Sugarfina, Inc., a Delaware corporation (4356), (2) Sugarfina International, LLC, a Delaware limited liability company (1254) and (3) Sugarfina (Canada), Ltd. (4480). The location of the Debtors' corporate headquarters is 1700 E. Walnut Ave., 5th Floor, El Segundo, California 90245.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. A final hearing (the "Final Hearing") on the relief sought in the Motion shall be held on **September 24, 2019 at 3:00 p.m. (prevailing Eastern Time)**. Any objections or responses to the Motion shall be filed on or before **4:00 p.m. (prevailing Eastern Time) on September 17, 2019** and served on the following parties: (a) the Debtors, 1700 E. Walnut Ave., 5th Floor, El Segundo, California 90245, Attn: Lance Miller; (b) proposed counsel to the Debtors, Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801, Attn: Brya M. Keilson and Eric J. Monzo and (c) Shulman Hodges & Bastian LLP, 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618 Attn: Alan J. Friedman; (d) counsel to the Debtors' first lien lender, SFCC Loan Investors, LLC, Loeb & Loeb LLP, 345 Park Avenue, New York, NY 10154, Attn: Vadim J. Rubinstein, vrubinstein@loeb.com; (e) counsel to the Debtors' second lien lender, Goldman Sachs Specialty Lending Group L.P., King & Spalding LLP, 1180 Peachtree Street, Northeast, Suite 1600, Atlanta, Georgia 30309, Attn: W. Austin Jowers, ajowers@kslaw.com; (f) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Timothy J. Fox; and (g) the official committee of unsecured creditors (if any) appointed in these chapter 11 cases and their counsel (collectively, the "Notice Parties"). If no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without further notice or hearing.

3.	The Debtors are authorized, but not directed, in their sole discretion, to continue their prepetition business operations, policies, and programs and pay any accrued but unpaid prepetition Critical Vendor Claims, up to $837,940.31, on a postpetition basis in the ordinary course of business on customary trade terms or as may be necessary to secure a vendor's agreement to continue business with the Debtors on customary trade terms.

4.	The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this order without any duty to inquire otherwise and without liability for following the Debtors' instructions.

5.	The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any of the prepetition Critical Vendor Claims.

6.	Nothing herein shall impair or prejudice the Debtors' ability to contest, in their sole discretion, the extent, perfection, priority, validity, or amounts of any claims held by any Critical Vendor. The Debtors do not concede that any claims satisfied pursuant to this Interim Order are valid, and the Debtors expressly reserve all rights to contest the extent, validity, or perfection or to seek the avoidance of all such liens or the priority of such claims.

7.	Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this order shall be deemed:  (a) an admission as to the validity

of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights or the rights of any other person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Interim Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

8. In the event a Critical Vendor does not continue to provide goods or services on agreed-upon trade terms, then: (a) any payment to that Critical Vendor receives on account of a Critical Vendor claim shall be treated by the Debtors as an improper postpetition transfer under the Bankruptcy Code, and, therefore, the Debtors reserve all rights, including recovering such transfer from the Critical Vendor; and (b) upon any recovery of the payment by the Debtors, the Critical Vendor claim shall be reinstated as if the payment had not been made.  In lieu of recovery of such payments, if there exists an outstanding postpetition balance due from the Debtors to a Critical Vendor, the Debtors reserve the right to recharacterize and apply any payment made pursuant to this order to such outstanding postpetition balance and such Critical Vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then

outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

9. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

10. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of order this shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this order.

12. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this order.

**Dated: September 9th, 2019**
**Wilmington, Delaware**

11158032/6

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**