**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:<br><br>SUGARFINA, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-11973 (MFW)<br>(Jointly Administered)<br><br>**Hearing Date: November 5, 2019 at 10:30 a.m.**<br>**Objection Deadline: October 28, 2019 @ 4:00 p.m.** |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF FISHERBROYLES, LLP AS SPECIAL COUNSEL TO THE
DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Sugarfina, Inc., a Delaware corporation ("SGRI"), Sugarfina International, LLC, a Delaware limited liability company ("SGRLLC"), and Sugarfina (Canada), Ltd. ("SGC" collectively with SGRLLC and SGRI, (the "Debtors"), the jointly administered debtors and debtors in possession hereby file this application (the "Application"), seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 327(e) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the employment and retention of FisherBroyles LLP ("FisherBroyles" or the "Firm") as their special counsel *nunc pro tunc* to the Petition Date (defined below). In support of this Application, the Debtors submit

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or Canadian Revenue Agency, as applicable are (1) Sugarfina, Inc., a Delaware corporation (4356), (2) Sugarfina International, LLC, a Delaware limited liability company (1254), and Sugarfina (Canada), Ltd. (4480). The location of the Debtors' corporate headquarters is 1700 E. Walnut Ave, 5th Floor, El Segundo, California 90245.

11277273/1

the Declaration of Christina H. Bost Seaton (the "Bost Seaton Declaration"), a copy of which is attached hereto as **Exhibit B** and incorporated herein.  Additionally, in support of this Application, the Debtors rely on the *Declaration of Lance Miller in Support of First Day Motions* [Docket No. 23] (the "First Day Declaration").  In further support of this Application, the Debtors submit as follows:

### Jurisdiction, Venue, and Predicates for Relief

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are sections 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2.

### Background

3. On September 6, 2019 (the "Petition Date"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above- captioned chapter 11 cases.

4. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in these cases.

6. On September 17, 2019, an Official Committee of Unsecured Creditors was appointed in these cases.

### Relief Requested

7. On or about May 1, 2019, the Firm was engaged by the Debtors to provide legal

services to the Debtors in connection with a dispute (the "MNS Dispute") with GLJ, Inc. and MJC Confection LLC (collectively, "MNS"). At or shortly after the Petition Date, the Debtors paid the Firm a $15,000 retainer, which is currently held in trust to be applied to post-petition services, plus $446.50 to reimburse a pre-petition expense paid to a vendor by the Firm, which is also currently held in trust. ,On the Petition Date, the Firm was owed $24,513.50 (the "Unsecured Claim"), and the Firm remains in possession of the Retainer.

8. The Debtors seek to employ and retain FisherBroyles *nunc pro tunc* to the Petition Date to represent them as their special counsel in connection with the adversary proceeding, *Sugarfina, Inc. v. GLJ, Inc. and MJC Confections LLC*, bearing adversary proceeding no. Adv. Pro. No. 19-50364 (MFW), as well as any other general legal matters as the Debtors may require.

9. The Debtors seek authority to employ and retain the Firm as their special counsel pursuant to section 327(e) of the Bankruptcy Code, which provides that [a debtor in possession] "with the court's approval, may employ, for a specified special purpose, other than to represent the [debtor in possession] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

10. Section 328(a) of the Bankruptcy Code empowers a trustee to compensate, subject to court approval, an attorney to perform services for the Debtors under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent-fee basis.

11. The Debtors seek to retain the Firm as their special counsel because of the Firm's

11277273/1

experience and knowledge in the field of litigation and because of the Firm's familiarity in connection with the MNS Dispute. As set forth hereinafter, Christina H. Bost Seaton will be the primary attorney providing the services set forth herein. Ms. Bost Seaton is a business litigation attorney with extensive state and federal regulatory and litigation experience. Ms. Bost Seaton has wide-ranging substantive experience, including all types of commercial disputes. Ms. Bost Seaton has experience working with clients of all sizes, from individuals, to start-ups, to mid-size companies, to Fortune 100 corporations and has been named a SuperLawyers Rising Star in Business Litigation every year since 2011, and she is rated AV Preeminent, representing the highest level of professional excellence, by Martindale-Hubbell. .

**A.     Services to be Provided**

12.    Subject to Court approval, the professional services that the Firm will render to the Debtors include, but shall not be limited to, the following:

(a)    Representation of the Debtors in connection with the MNS Dispute; and;
(b)    Perform such other litigation and advisory services for the Debtors as the Debtors believe necessary and that are agreed upon between the Firm and the Debtors.

**Basis for Relief**

13.    Under section 327(e) of the Bankruptcy Code, [a debtor in possession] "with the court's approval, may employ, for a specified special purpose, other than to represent the [debtor in possession] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

14.    By its terms 327(e) of the Bankruptcy Code applies only in situations where the attorney sought to be employed as special counsel has previously represented the debtor. *See* 11

U.S.C. § 327(e). As the Debtors are seeking to employ the Firm only as special counsel for specific matters, there need only be no conflict with respect to the specific matter itself. See In re Arochem Corp., 176 F.3d at 622 (citing Stoumbos v. Kilimnik, 988 F.2d 949, 964 (9th Cir. 1993); and quoting In re Fondiller, 15 B.R. 890, 892 (9th Cir. B.A.P. 1981)) ("we 'interpret that part of § 327(a) which reads that attorneys for the Debtor may not 'hold or represent an interest adverse to the estate' to mean that the attorney must not represent an adverse interest relating to the services which are to be performed by that attorney'").

15. "Thus, where the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand." Id. at 622 (citations omitted). In this case, the interest of the Firm as special counsel to the Debtors and the interest of the Debtors' estates are identical with respect to the matters for which the Debtors propose to engage the Firm.

16. Courts generally apply a three-part test to determine whether special counsel should be employed: (1) whether appointment is in the best interest of the estate; (2) whether counsel holds an adverse interest in the estate with respect to the matter for which the law firm seeks to be employed; and (3) whether the special purpose may rise to the level of conducting the bankruptcy case for the Debtor. See In re DeVlieg, Inc., 174 B.R. 497 (N.D. Ill. 1994).

17. The Debtors' request to employ the Firm as special counsel is appropriate under these legal standards. the Firm's employment is in the best interest of the Debtors' bankruptcy estates because the Firm has previously represented the Debtors and is familiar with the MNS Dispute. Accordingly, the Firm is well qualified and has the necessary skill and expertise to represent the Debtors as their special counsel. In addition, the Firm does not hold any interest adverse to the Debtors' estates with respect to the matters for which it is to be employed, such that its employment as special counsel under 11 U.S.C. § 327(e) would be precluded.

18. Finally, the Debtors seek to employ the Firm as special counsel, and the Debtors do not intend to seek the Firm's advice regarding general insolvency issues, for which the Debtors have already employed separate general bankruptcy counsel.

19. Based on the foregoing, the Debtor respectfully submits that the Firm's employment as special counsel should be approved under 11 U.S.C. § 327(e).

### A. The Firm's Qualifications

17. The Debtors believe that the Firm is well qualified to represent them in their bankruptcy cases in an efficient and timely manner. The Firm is a full-service law firm, comprised of attorneys who are experienced in, among other areas of law, litigation, employment, bankruptcy and restructuring, all areas of corporate law, and other areas of administrative law, and is well-qualified to represent the Debtors in proceedings of this nature. In addition, the Firm is already familiar with the background and facts surrounding the MNS Dispute.

18. By separate applications, the Debtors have sought to employ Morris James LLP and Shulman Hodges & Bastian LLP, as bankruptcy counsel. The Firm and the Debtors' other professionals intend to work together to ensure a clear delineation of their respective duties and roles to minimize any duplication of effort.

### B. Payment of Fees and Expenses

19. The Firm intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court. Subject to those provisions, the Debtors propose to pay the Firm its customary hourly rates in effect from time to time as set forth in the Bost Seaton Declaration. The Debtors submit that these rates are reasonable.

20. The primary attorney who will be providing the services set forth herein is Christina H. Bost Seaton, with an hourly rate of $495.00. Ms. Bost Seaton may however be assisted from time to time by other firm lawyers. The rates for other attorneys working on this

matter will be $495.00 per hour.  If the services of other specialized attorneys or other staff with higher rates are required, the Firm will file a notice with this Court advising of the hourly rates of any specialized attorneys.

21. The Firm's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys, paralegals and legal secretaries and to cover routine expenses. These hourly rates may be subject to periodic adjustments (which adjustments will be reflected in the first fee application following such adjustments) and are consistent with the rates charged elsewhere.

22. The Firm's hourly rates and financial terms for the services performed prior to the Petition Date are identical to the hourly rates and financial terms of the post-petition engagement proposed herein. The Debtors understand that these hourly rates are consistent with and the same rates that the Firm charges other clients.

23. The Debtors understand that it is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, filing fees, court reporter fees, commercial copying services, overnight/express mail charges, postage and travel expenses.  The Firm does not charge for items such as routine copying, facsimile transmittals, or telephonic charges (unless international rates/charges apply).  The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients or as previously fixed by this Court. In accordance with Local Rule 2016-2(d)(ix), travel time during which no work is performed shall be separately described and billed at no more than 50% of regular hourly rates.

24. Other than as set forth in the Bost Seaton Declaration, no arrangement is proposed

between the Debtors and the Firm for compensation to be paid in these Chapter 11 cases. The Firm has informed the Debtors that, except for sharing arrangements among the members of the Firm, it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

### C. Disinterestedness

25. As noted above, the Debtors employed the Firm to assist the Debtors in connection with the MNS Dispute prior to the Petition Date. As of the Petition Date, the Firm was entitled to the Unsecured Claim of $24,513.50, which the Firm has not waived, subject to the amount of the Retainer..

26. To the best of the Debtors' knowledge and except as disclosed herein and in the Bost Seaton Declaration: (a) the Firm is a "disinterested person" under section 101(14) of the Bankruptcy Code; (b) the Firm does not hold or represent an interest adverse to the Debtors' estates; and (c) the Firm's directors, counsel, and associates have no connection to the Debtors, their creditors, or their related parties except as may be disclosed in the Bost Seaton Declaration.

27. As set forth in the Bost Seaton Declaration, neither the Firm nor any of the attorneys comprising or employed by the Firm is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorney for the United States Trustee assigned to these chapter 11 cases or any other employee of the Office of the United States Trustee. Accordingly, the employment of the Firm is not prohibited by Bankruptcy Rule 5002.

### Notice

11277273/1

28. The Debtors have provided notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the official committee of unsecured creditors, Bayard P.A., 600 N. King Street, Suite 400, Wilmington, DE 19801, Attn: Justin Alberto and Erin Fay, jalberto@bayardlaw.com and efay@bayardlaw.com; (c) counsel to the Debtors' first lien lender, SFCC Loan Investors, LLC, Loeb & Loeb LLP, 345 Park Avenue, New York, NY 10154, Attn: Vadim J. Rubinstein, vrubinstein@loeb.com; (d) counsel to the Debtors' second lien lender, Goldman Sachs Specialty Lending Group L.P., King & Spalding LLP, 1180 Peachtree Street, Northeast, Suite 1600, Atlanta, Georgia 30309, Attn: W. Austin Jowers, ajowers@kslaw.com; (e) the Internal Revenue Service; (f) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (g) all parties entitled to notice pursuant to Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

29. The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to employ and retain the Firm as special counsel for the Debtors, *nunc pro tunc* to the Petition Date, and granting such other and further relief as is just and proper.

Dated: October 4, 2019
Wilmington, Delaware

_____
Lance Miller, Chief Restructuring Officer