**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SGR WINDDOWN, Inc., et al., | ) | Case No. 19-11973 (MFW) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Related Docs. 710, 724, |
| _____ | ) | 743, 752, 753 & 755 |

**<u>MEMORANDUM OPINION</u>**[1]

Before the Court is the Objection of SGR Winddown, Inc., and
its affiliates (collectively, the "Debtors") to Claim Number 205
filed by the New York City Department of Finance ("DOF").  The
only issue remaining is the priority claimed by DOF for
outstanding Commercial Rent Taxes ("CRT").[2]  For the reasons
stated below, the Court will sustain the Debtors' Objection.

I.   <u>PROCEDURAL BACKGROUND</u>

On September 6, 2019 (the "Petition Date"), the Debtors
filed voluntary petitions for relief under chapter 11 of the
Bankruptcy Code.  DOF filed a timely proof of claim.  After

_____

[1]   This Memorandum Opinion constitutes the findings of fact and
conclusions of law of the Court pursuant to Rule 7052 of the
Federal Rules of Bankruptcy Procedure, which is made applicable
to contested matters by Rule 9014.

[2]   DOF also asserted a priority claim for General Corporate
Taxes.  The Debtor has not contested that the principal and
interest on that tax in the amount of $2,139.03 should be allowed
as a priority claim but asserts that penalties in the amount of
$901.23 should be allowed only as a general unsecured claim.
(D.I. 743 at 8).  DOF has not disputed this.  <u>See</u> 11 U.S.C. §
507(a)(8)(G) (only tax penalties for actual pecuniary loss are
entitled to priority).

negotiation with the Debtors, DOF filed an amended reduced Proof
of Claim, 205, which asserted that $26,532.14 due as CRT for the
period from June 1, 2016, to May 31, 2018, was entitled to
priority status as an excise tax.  11 U.S.C. § 507(a)(8)(E).
On September 3, 2020, the Debtors filed their Second Omnibus
Objection, which disputed the asserted priority status of the CRT
portion of DOF's claim.  On October 7, 2020, DOF filed a response
providing legal support for the priority status it claimed.

The Court initially heard oral argument on October 13, 2020.
The Debtors argued that the Court should sustain their Objection
because DOF had not attached any support to its proof of claim
for its asserted priority and, thus, had failed to meet its prima
facie burden.  The Court rejected this argument holding that the
priority status of the CRT is a legal, not a factual, question
and that by checking the priority box on Form 410 and identifying
section 507(a)(8) as the relevant basis for priority ("taxes or
penalties owed to governmental units"), DOF had established the
prima facie validity of its claim.  The Court reasoned that the
only document that DOF could have attached to its Proof of Claim
was case law supporting the characterization of CRT as an excise
tax, which it has done in its response.

The Debtors alternatively argued that CRT is a property tax,
which did not fit within the applicable period for priority under
section 507(a)(8)(B), and, thus, must be classified as a general

unsecured claim.  11 U.S.C. § 507(a)(8)(B).

The Court gave the parties additional time to brief the issue of whether CRT is an excise tax or a property tax under section 507(a)(8).  The Debtors filed their brief on October 23, 2020, and DOF filed its brief on November 6, 2020.  The Debtors filed a reply on November 30, to which DOF objected on December 1, 2020.  Because DOF's objection also contained its argument in response to the Debtors' Reply, the Court overruled the objection and admitted both.  Further oral argument on the claim objection was held on December 3, 2020, after which the Court held the matter under advisement.

II.  <u>JURISDICTION</u>

This Court has jurisdiction over this contested matter. 28 U.S.C. §§ 1334(b) & 157(b)(2)(B) (giving bankruptcy courts jurisdiction over the allowance of claims asserted against the estate).  The Court may enter a final order on claim allowance issues.  <u>Stern v. Marshall</u>, 564 U.S. 462, 499 (2011).

III.  <u>DISCUSSION</u>

A.   <u>Standard of Review</u>

1.   <u>Claims Generally</u>

By filing a timely proof of claim that alleges sufficient facts or provides adequate documentation, a claimant establishes

3

the prima facie validity of its claim.  The claim is deemed
allowed unless there is an objection.  11 U.S.C. § 502(a); Fed.
R. Bankr. P. 3001(f).  In re Allegheny Int'l, Inc., 954 F.2d 167,
173-74 (3d Cir. 1992).  The burden of production then shifts to
the objector to present sufficient evidence to overcome the
presumed validity.  Id. at 174.  If the objector produces
evidence which, if believed, would negate one or more of the
facts essential to the claim, then the claimant must carry its
burden of persuasion by a preponderance of the evidence.  Id.
See also In re Devonshire PGA Holdings LLC, 548 B.R. 689, 697
(Bankr. D. Del. 2016); In re Overseas Shipholding Grp., Inc., No.
12-20000, 2015 WL 3475727, at *1-2 (Bankr. D. Del. June 1, 2015).

    As noted above, the Court determined that DOF satisfied its
initial burden of production.  The Debtors do not dispute the
fact that DOF has a claim for CRT (or the amount of that claim).
The only issue in dispute is a legal one: whether CRT is an
excise tax or a property tax for purposes of priority under the
Bankruptcy Code.

## 2.   Priority Tax Claims

    The priority of the CRT claim depends on whether under the
Bankruptcy Code it is an excise tax, as contended by DOF, or a
property tax, as argued by the Debtors.  Property taxes have
priority only for taxes that were last due within one year prior
to the Petition Date, while excise taxes have priority if they

were last due within three years prior to the Petition Date.
Compare 11 U.S.C. § 507(a)(8)(B) with 11 U.S.C. § 507(a)(8)(E).
The CRT taxes in question were last due and payable within the
three year look-back period for excise taxes but beyond the one
year look-back period for property taxes.[3]

The legal question of whether CRT is an excise tax or
property tax under the Bankruptcy Code is a question of federal,
not state, law. City of New York v. Feiring, 313 U.S. 283, 285
(1941) (concluding that a determination of the priority status of
a claim under the Bankruptcy Act is not controlled by the
characterization of that claim under local law). Thus, the
labels used by state statutes and state courts are not
dispositive. "In considering whether a New York sales tax was a
'tax' entitled to priority under [the Bankruptcy Act], the Court
placed no weight on the 'tax' label in the New York law, and
looked to the state statute only 'to ascertain whether its
incidents are such as to constitute a tax within the meaning of
[the Bankruptcy Act].'" United States v. Reorganized CF&I
Fabricators of Utah, Inc., 518 U.S. 213, 220-21 (1996) (citing
Feiring, 313 U.S. at 285). See also In re Park, 212 B.R. 430,
432-33 (Bankr. D. Mass. 1997) (holding that although state

---

[3]    The 2016/2017 CRT was last due and payable without penalty
on June 20, 2017, and the 2017/2018 CRT was last due and payable
without penalty on June 20, 2018.  The Petition Date was
September 6, 2019.

labeled the claim an excise tax, court was required to analyze whether it fit the criteria for such a tax).

The Code does not define "property tax" or "excise tax" and the legislative history is not helpful in making the distinction. CF&I, 518 U.S. at 223-24. Therefore, a consideration of the state law creating the claim is warranted. As stated by the Seventh Circuit, although the determination of the priority of an asserted tax claim is a federal question, "[t]his is not to say that a state court's construction of state statutes does not play an important role in determining how a debtor's liabilities will be characterized under the Bankruptcy Code. In applying the various code provisions, the federal courts look to state law to determine the exact nature of a person's rights and obligations under state law." In re Groetken, 843 F.2d 1007, 1013 (7th Cir. 1988). See also CF&I, 518 U.S. at 220-21 (acknowledging the propriety of considering the state statute and decisions of the state courts to determine if the "incidents" of the charge were enough to make it a tax within the meaning of the Bankruptcy Act); In re Calabrese, 689 F.3d 312, 321 (3d Cir. 2012) (relying, inter alia, on state courts' interpretation of state statute in holding that sales taxes collected by the debtor from third party purchasers were more properly categorized as trust fund taxes rather than excise taxes under § 507).

B.    <u>Analysis</u>

The CRT is a tax under the New York City Administrative Code (the "Administrative Code") imposed on any lease (with annual gross rent in excess of $250,000) of real property used or intended to be used for commercial purposes within a designated geographic area of Manhattan (south of 96th Street). Specifically, the tax is assessed on "[a]ny premises in the [designated area which is] occupied, used or intended to be occupied or used for the purpose of carrying on or exercising any trade, business, profession, vocation or commercial activity . . . ." N.Y.C. Admin. Code § 11-701(5) (2020).  The tax is currently calculated at six percent (6%) of the annual rent paid for the premises.[4]

1.    <u>Definition of Excise Tax</u>

DOF argues that CRT is an excise tax under section 507(a)(8)(E).  It relies on the definitions of an excise tax contained in Black's Law Dictionary and used by many courts, including the very case cited by the Debtors:

> "[a] tax imposed on the manufacture, sale, or use of goods (such as a cigarette tax), or on the occupation or activity (such as a license tax or an attorney occupation fee)." Black's Law Dictionary 646 (9th ed. 2009). . . . Typically, an excise tax is imposed upon "a discrete act by the person or entity being taxed," . . . , in contrast with, for example, a tax on income. Still, an "excise" has a "broad definition," . . . essentially encompassing any tax that is "indirectly

---

[4]    <u>See</u> https://wwwl.nyc.gov/site/finance/taxes/business-comercial-rent-tax-crt.page.

> assessed," . . . that is, any tax "that is not directly imposed upon people or property" but is instead "imposed upon a particular use of property" or upon the exercise of "a right or privilege."

In re Rizzo, 741 F.3d 703, 706 (6th Cir. 2014) (internal citations omitted).

DOF contends that the definition of "taxable premises" under the Administrative Code mirrors the definition of excise tax in Rizzo.  Compare N.Y.C. Admin. Code § 11-701(5) (2020) ("Any premises in the [designated area which is] occupied, used or intended to be occupied or used for the purpose of carrying on or exercising any trade, business, profession, vocation or commercial activity . . . .") with Rizzo, 741 F.3d at 706 (a tax "imposed upon a particular use of property or upon the exercise of a right or privilege").

The Debtors respond that CRT is not an excise tax, but is a personal property tax under section 507(a)(8)(B) because it is based on the Debtors' passive ownership of a leasehold interest. The Debtors argue that to be an excise tax, it must be assessed on voluntary action that involves active and actual use as opposed to mere passive possession of property.  In support, they rely, in part, on other language used by the Rizzo Court:

> Typically, an excise tax is imposed upon a discrete act by the person or entity being taxed . . . .  any tax that is not directly imposed upon people or property but is instead imposed upon a particular use of property or upon the exercise of a right or privilege.

Rizzo, 741 F.3d at 706 (emphasis added; internal citations and

quotations omitted).  See also In re Trism, Inc., 311 B.R. 509,
516 (B.A.P. 8th Cir. 2004), aff'd, 126 F. App'x 339 (8th Cir.
2005) (concluding that tax on the operation of heavy vehicles on
highways was an excise tax); In re Nat'l Steel Corp., 321 B.R.
901, 908-09 (Bankr. N.D. Ill. 2005) (concluding that franchise
tax on the operation of a business in the state was an excise
tax).

  According to the Debtors, CRT is not an excise tax because
it does not tax any specific action but merely the ownership of a
lease.  The Debtors note that the Administrative Code does not
specify any type of commercial activity or any specific right or
privilege associated with a commercial activity that must be
exercised for the tax to apply.  The Debtors further contend that
CRT is owed even if a tenant is out of business and not
conducting any activity during the applicable period.

  DOF agrees that an excise tax requires action and that
priority under section 507(a)(8)(E) expressly requires that the
tax be imposed on a "transaction."  DOF argues nonetheless that
entering into a lease for the purpose of operating a business in
the designated area of Manhattan covered by CRT is the required
"transaction" that makes it an excise tax, although it is
typically just the first of many actions that are taxed under the
CRT, namely the "carrying on or exercising any trade, business,
profession, vocation or commercial activity . . . ."  N.Y.C.

Admin. Code § 11-701(5) (2020).  See also, Nat'l Steel, 321 B.R. at 908-09 (holding Texas franchise tax was a tax on a transaction or series of transactions necessarily required for operating a business).  Thus, DOF disagrees with the Debtors' contention that CRT is a tax on the mere possession or ownership of property. See, e.g., Ampco, 197 N.E.2d 285 at 288-90 (rejecting argument that CRT was a tax on real estate or an ad valorem tax because it was based on use, not on ownership of real or intangible personal property); J.C. Penney Co. v. Lewisohn, 337 N.Y.S.2d 472, 473 (N.Y. App. Div. 1972), aff'd, 33 N.Y.2d 528, 301 N.E.2d 421 (N.Y. 1973) (holding that CRT applies to commercial use; not residential use).

The Debtors respond that if merely "signing a lease" is a sufficient transaction to make CRT an excise tax, then virtually every tax would be an excise tax.  The Debtors argue that this logic could transform all real and personal property taxes into excise taxes simply by characterizing the taxable activity as the privilege of owning that property and by characterizing the transaction needed as the signing of a deed or bill of sale. Applying DOF's logic further, the Debtors contend, would result in the following taxes being transformed into excise taxes based on how the property may be used, whether there is ever any such activity conducted: (i) a tax on real property in areas zoned for commercial use, (ii) a tax on real property in areas zoned

10

residential, (iii) a tax on livestock raised for sale, and (iv) a tax on commercial inventory which may be sold. This broad interpretation, the Debtors warn, would swallow the distinction between property taxes in section 507(a)(8)(B) and excise taxes in section 507(a)(8)(E).

The Court agrees with the Debtors that DOF's argument that CRT is an excise tax is not supportable. As noted by the Debtors, CRT is imposed on the "intention to use" or right to use property, whether any actual commercial use is ever made of the property. Under the Administrative Code, CRT is owed so long as a tenant pays rent, even <u>before</u> a tenant first makes use of the property and even <u>after</u> a tenant ceases all operations on the premises. N.Y.C. Admin. Code §§ 11-701(5) & 11-706(c)(2020). <u>See, e.g.</u>, <u>Ampco Printing-Advertisers' Offset Corp. v. New York</u>, 197 N.E.2d 285, 289 (N.Y. 1964) (acknowledging that CRT may be imposed <u>before</u> tenant <u>makes use</u> of the premises, but finding it applies "only where [tenant] pays rent for premises intended to be used or occupied for commercial purposes"); <u>Conboy, Hewitt, O'Brien & Boardman v. Comm'r of Fin. of City of New York</u>, 672 N.Y.S.2d 315 (N.Y. App. Div. 1998) (holding tenant owed CRT despite vacating and surrendering premises to landlord because tenant agreed to pay rent until landlord found new tenant).

The Court concludes that "intention to use" is insufficient to make CRT an excise tax because an excise tax is imposed not on

11

the ownership of property but on its actual use or on an
activity.  See Billings v. U.S., 232 U.S. 261, 280-81 (1914)
(distinguishing the active use necessary for an excise tax,
namely "the outward and distinct exercise of a right," from the
privilege to use property that necessarily arises from mere
ownership, in upholding excise tax on use - not mere ownership -
of a yacht); Rizzo, 741 F.3d at 706 (holding that an excise tax
is an indirect one imposed upon a discrete act by the person or
entity being taxed, not a tax directly imposed upon people or
property).  Having the right or privilege to use the property in
a commercial manner is just an incident of the ownership of a
leasehold interest in that property, the taxation of which is a
property tax.

Furthermore, the Court concludes that the act of signing a
lease is not sufficient, as DOF argues, to constitute the
voluntary action necessary to characterize CRT as an excise tax.
Nor can the Court conclude that merely paying rent is a
sufficient action to make CRT an excise tax.  For example,
"signing" a lease (with nothing more) is no different from
"signing" a deed for a house, yet no one disputes that the latter
makes one liable for a property tax on ownership of the property,
not an excise tax.  This is true whether the property is zoned
commercial or residential, because like CRT it does not matter
whether one actually conducts any commercial (or residential)

12

activity on that property for the tax to apply.

While state court decisions cited by DOF do characterize CRT as a tax on the commercial use of property, the Court finds that the actual language of the Administrative Code contradicts this conclusion. "Where a tenant ceases to do business the tax . . . shall be due immediately, and the tenant shall file a final return, but, should the tenant continue to pay rent for the taxable premises, the tenant shall file the normally required returns [and pay the tax]." N.Y.C. Admin. Code § 11-706(c).

Thus, the Court concludes that CRT is not an excise tax on the actual use of the lease for commercial purposes. Rather, the Court agrees with the Debtors that CRT is properly characterized as a personal property tax on the Debtors' ownership interest in the lease.[5]

>       2.  Miscellaneous arguments

DOF makes additional arguments to support its interpretation of the priority provisions of the Bankruptcy Code, none of which the Court finds convincing or dispositive.

For example, DOF argues that although CRT is calculated as a percentage of the value of a vehicle, courts have held that this does not mean it is a tax on the vehicle itself. See, e.g., In

---

[5]    DOF agrees that, under New York law, a leasehold interest is personal property. See, e.g., Ampco, 197 N.E.2d at 287-88. It further agrees that the priority of a personal property tax is governed by section 507(a)(8)(B). See, e.g., In re Probulk Inc., 2010 WL 5376284 at, *1-2 (Bankr. S.D.N.Y. Dec. 23, 2010); In re Wang Zi Cashmere Prods., Inc., 202 B.R. 228 (Bankr. D. Md. 1996).

re Appugliese, 210 B.R. 890, 898 (Bankr. D. Mass. 1997) (holding that tax on motor vehicle registration, though calculated as a percentage of the vehicle's value, was an excise tax on the use of the vehicle under § 507(a)(8)(E), not a tax on personal property — the vehicle — under § 507(a)(8)(B)).

The Court agrees with that premise, but that does not answer the question of whether CRT is an excise tax or a property tax. The method by which a tax is calculated is only one of several factors to consider but is not dispositive.

DOF also argues that CRT is an excise tax on commercial activity, not merely on property ownership, as evidenced by the fact that there are other New York taxes that apply to property ownership. For example, DOF argues that New York has a real property tax on all real estate regardless of the type of use made of that property. It also contends that while New York does not have a tangible personal property tax, it does have a sales tax which covers personal property if it is sold.

The Court also rejects this argument. The fact that New York has different taxes that it characterizes in different ways is immaterial to the question presented. See, e.g., Feiring, 313 U.S. at 285 (concluding that a determination of the priority status of a claim under the Bankruptcy Act is not controlled by the characterization of that claim under local law); CF&I, 518 U.S. at 220-21 (concluding that labels used by state statutes and

state courts are not dispositive); <u>Park</u>, 212 B.R. at 432-33

(holding that labeling something an excise tax does not make it

one).  The question presented is whether CRT is an excise tax

under federal law and the Bankruptcy Code.

DOF argues, however, that the Debtors' interpretation

ignores the language of the Bankruptcy Code, every word of which

must be interpreted to avoid superfluity.  DOF contends that

section 507(a)(8) contemplates the filing of a tax return for

excise taxes but not for property taxes.  DOF asserts that under

New York law, CRT requires a filed return while property taxes do

not, which supports its contention that CRT is properly

characterized as an excise tax.

The Court rejects this argument.  Section 507(a)(8)(E) does

not actually require the filing of a tax return, though it

acknowledges that a tax return may be required by applicable non-

bankruptcy law.  It merely calculates the priority period from

when a return "if required" is filed or "if a return is not

required," from the petition date.  11 U.S.C. § 507(a)(8)(E).

Therefore, the fact that CRT requires the filing of a tax return

does not suffice to make it an excise tax.

DOF argues further that, even if CRT is not its own unique

excise tax, it falls into the category of a sales tax, which is

one type of excise tax.  <u>See</u> 124 Cong. Rec. 32415-16 (daily ed.

Sept. 28, 1978) (statement of Rep. Edwards), reprinted in 1978

15

U.S.C.C.A.N. at 6497-98; 124 Cong. Rec. 34015-16 (daily ed. Oct.
5, 1978) (statement of Sen. DeConcini), reprinted in 1978
U.S.C.C.A.N. at 6566-67 (stating excise taxes include "sales
taxes, estate and gift taxes, gasoline and special fuel taxes,
and wagering and truck taxes").  See also In re Groetken, 843
F.2d at 1013 (holding that retailer's occupation tax was an
excise tax under § 507 whether it is a sales tax or a privilege
tax).  DOF argues that New York state tax law defines the term
"sale" to include "rental, lease or license to use or consume"
and, therefore, CRT clearly can be categorized as a sales tax.
N.Y. Tax Law § 1101(b)(5) (McKinney 2019).

The Court also rejects this argument because as noted above,
the characterization of (or label given to) a tax under state law
is not dispositive.  CF&I, 518 U.S. at 220-21; Feiring, 313 U.S.
at 285; Park, 212 B.R. at 432-33.  If it were, states could
convert any tax into an excise tax simply by calling it a sales
tax or an excise tax.  The question of whether it is such a tax
entitled to priority under the Bankruptcy Code, though, is a
federal question that requires the Court to determine the nature
of the tax, not its label.

Finally, DOF contends that CRT is similar to other taxes
that are clearly excise taxes under section 507(a)(8)(E).  See,
e.g., Groetken, 843 F.2d at 1013 (retailer's occupation tax);
Appugliese, 210 B.R. at 893 (motor vehicle registration tax).

16

The Court finds, however, that CRT is distinguishable from the taxes in those cases, principally because it does not require <u>any</u> activity to trigger the tax in contrast to the specific activities which the courts found triggered those other taxes. <u>Groetken</u>, 843 F.2d at 1010 (considering priority of tax imposed on sellers of property calculated on their gross receipts); <u>Appugliese</u>, 210 B.R. at 897-98 (finding motor vehicle registration tax was an excise tax because it was tax on the privilege of <u>operating</u> an automobile).  <u>See also</u> <u>Nat'l Steel</u>, 321 B.R. at 912 (finding state franchise tax was an excise tax because it "is imposed upon corporations transacting business in Texas [which] necessarily <u>encompasses and requires a variety of transactions</u> [including] hiring a worker, executing a contract, operating a vehicle on Texas roadways, renting office space, or selling goods") (emphasis added).

As a result, the Court concludes that CRT is not an excise tax under section 507(a)(8)(E) of the Bankruptcy Code, but is instead a tax on personal property governed by section 507(a)(8)(B).  Because the tax claimed falls outside the priority period provided in the latter section, the Court concludes that it is a general unsecured claim only.

IV.  <u>CONCLUSION</u>

For the foregoing reasons, this Court will sustain the

17

Debtors' Claim Objection and reclassify the New York City

Department of Finance's Claim for outstanding Commercial Rent

Taxes in the amount of $26,532.14 as a general unsecured claim.

    An appropriate Order is attached.


Dated: January 8, 2021        BY THE COURT:


                                  Mary F. Walrath
                                  United States Bankruptcy Judge